[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY RE: CAMP (DOCKET ENTRY NO. 129)
The defendant has moved to modify Paragraph 2.8 of the separation agreement entered into by the parties on May 12, 1993. That provision of the agreement provides that the plaintiff shall pay the cost of the attendance of the children at private camp for one month during the summer. It provides further that in the alternative the plaintiff might have the children live with him for one month during the summer. This provision was made a part of the parties' agreement so that the defendant would be able to work full time during the summer without the full responsibility of the children during her working hours. It is the defendant's claim that by reason of the children now being older that their requirements for camp are far different than in 1993 so that there has been a substantial change in circumstances.
The jurisdiction of this court to modify is limited by the provisions of § 46b-86 of the General Statutes. The court has the power to enforce the provisions of Paragraph 2.8 of the parties separation agreement. It does not have the power to CT Page 10929 modify Paragraph 2.8, this being the private agreement of the parties. This may be modified only by an agreement in writing by the parties. See Hayes v. Beresford, 184 Conn. 558 (1981);Albrecht v. Albrecht, 19 Conn. Sup.
The motion to modify (docket entry no. 129) is denied.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE